Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Erin M. Gilmore (State Bar # 324319)
erin.gilmore@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:      +1 213 624 2500
Facsimile:      +1 213 623 4581

Attorneys for Defendant
MARTIAN SALES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| C.M. and M.C, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIAN SALES, INC.,<br><br>Defendant. | Case No. 3:23-cv-06202<br><br>**MARTIAN SALES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. RULE OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK REILLY IN SUPPORT OF THEREOF**<br><br>**Judge**: Judge Araceli Martínez-Olguín<br>**Ctrm**: 10, 19th Floor<br>**Hearing Date**: May 2, 2024<br>**Hearing Time**: 2:00 p.m. |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

NOTICE OF MOTION AND MOTION .......................................................................... 1

FACTUAL ALLEGATIONS............................................................................................ 2

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ...................... 3

    I.      LEGAL STANDARD .................................................................... 3

    II.     ARGUMENT ................................................................................. 5

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM .................................. 6

    I.      LEGAL STANDARD .................................................................... 6

    II.     ARGUMENT ................................................................................. 7

        A.    Plaintiffs' Consumer Protection Claims Fail For Multiple Reasons.......... 7

            1.    Plaintiffs' Claims Are Barred, in Part, by the Statute of Limitations. ...................................................................................... 7

            2.    Rule 9(b)'s Heightened Pleading Standard Applies...................... 10

            3.    Plaintiffs Do Not Allege a Specific Statement or Omission. ........ 11

            4.    Plaintiffs Does Not Allege Reliance on Any Statement or Omission. ...................................................................................... 12

            5.    Plaintiffs Does Not Allege a Duty to Disclose any Purported Omission. ...................................................................................... 14

        B.    Plaintiffs' Breach of Implied Warranty Claim Fails for Lack of Privity and Because No "Implied Affirmations of Fact" Have Been Made. ............... 14

        C.    Plaintiffs' Negligent Misrepresentation and Fraud Claims Are Improper.16

            1.    Count VI and VII Fail Under the Heighted Pleading Standard. ... 16

            2.    The Negligence Misrepresentation Claim Independently Fails. ... 17

        D.    The Court Should Dismiss Plaintiffs' Claims for Equitable Relief. ......... 19

CONCLUSION ............................................................................................................ 23

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1
2
3
...
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*,
    275 F. Supp. 3d 910 (N.D. Ill. 2017) (*rev'd on other grounds, Bell v. Publix
    Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020). ................................................................ 16

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
    1996 WL 467293 (N.D. Cal. Jul. 24, 1996) ......................................................................... 5

*Ahadoot v. Babolat v. North America*,
    CV–13–02823 (C.D.Cal. Sept. 6, 2013) ............................................................................ 21

*Am. Student Fin. Group et al. v. Aequitas Capital Management, Inc., et al.*,
    No. 12-cv-2446, 2014 WL 12165417 (S.D. Cal. Nov. 3, 2014) ........................................... 18

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC*,
    158 Cal. App. 4th 226 (2007) ............................................................................................ 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 6

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ............................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................... 6

*BNSF Railway Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) ........................................................................................................ 4

*Brazil v. Dole Packaged Foods, LLC*,
    660 F. App'x 531 (9th Cir. 2016) ...................................................................................... 12

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017) ........................................................................................................ 4

*Brown v. Madison Reed, Inc.*,
    622 F. Supp. 3d 786 (N.D. Cal. 2022), *aff'd*, No. 22-16415, 2023 WL 8613496
    (9th Cir. Dec. 13, 2023) ...................................................................................................... 8

*Celebrity Chefs Tour, LLC v. Macy's*,
    16 F. Supp. 3d 1123 (S.D. Cal. 2014) ............................................................................... 17

*Challenge Printing Co. v. Electronics for Imaging Inc.*,
    500 F. Supp. 3d 952 (N.D. Cal. 2020) ............................................................................... 17

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ................................................................ 15

*Cutler v. Rancher Energy Corp.*,
   No. SACV 13-00906-DOC, 2014 WL 1153054 (C.D. Cal. Mar. 11, 2014) .......................... 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................ 4

*Daimler AG v. Bauman*,
   571 U.S. 122 (2014) ................................................................ 4

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018) ................................ 22

*Drake v. Toyota Motor Co.*,
   No. 2:20-cv-01421-SB, 2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) .......................... 20

*Edwards v. FCA US LLC*,
   No. 22-CV-01871-WHO, 2022 WL 1814144 (N.D. Cal. June 2, 2022) .......................... 14

*Fireman's Fund v. National Bank of Cooperatives*,
   103 F.3d 888 (9th Cir.1996) ................................................................ 3

*Ford Motor Company v. Montana Eight Judicial District*,
   141 S. Ct. 1017 (2021) ................................................................ 4

*Frenzel v. AliphCom*,
   76 F.Supp.3d 999 (N.D. Cal. 2014) ........................................ 10, 11, 13

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. CV 20-00769-CJC-GJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ...................... 20

*In re Gilead Scis., Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................ 6

*Goldstein v. Gen. Motors LLC*,
   No. 3:19-cv-1778-JLS, 2021 WL 364140 (S.D. Cal. 2021) .......................... 20

*Goodyear Dunlop Tires Operations v. Brown*,
   564 U.S. 915 (2011) ................................................................ 4

*Green v. Canidae Corp.*,
   No. CV 09-0486 GAF PLAX, 2009 WL 9421226 (C.D. Cal. June 9, 2009) ...................... 15

*Gross v. Symantec Corp.*,
   2012 WL 3116158 (N.D. Cal. July 31, 2012) ........................................ 11

*Hall v. Sea World Ent., Inc.*,
   No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ...................... 12

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) ........................................................................... 14

*Iezza v. Saxon Mortg. Services, Inc.*,
    2010 WL 3834041 (C.D.Cal. Sept. 28, 2010) .................................................. 21

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .......................................................................................... 3

*In re iPhone 4S Consumer Litig.*,
    No. C 12–1127 CW, 2013 WL 3829653 (N.D.Cal. July 23, 2013) .................... 12

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ...................................................................................... 4, 6

*Jogani v. Superior Court*,
    165 Cal.App.4th 901, 81 Cal.Rptr.3d 503 (2008) ............................................ 21

*Johnson v. Glock, Inc.*,
    No. 3:20-CV-08807-WHO, 2021 WL 1966692 (N.D. Cal. May 17, 2021) ............ 8, 10

*Johnson v. Glock, Inc.*,
    No. 3:20-CV-08807-WHO, 2021 WL 428635 (N.D. Cal. Feb. 8, 2021) ............... 22

*Kalitta Air, LLC v. Central Texas Airborne Sys., Inc.*,
    315 F. App'x 603 (9th Cir. 2008) .................................................................... 18

*Kanfer v. Pharmacare US, Inc.*,
    142 F. Supp. 3d 1091 (S.D. Cal. 2015) ........................................................... 15

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................... 10, 12

*Klaehn v. Cali Bamboo, LLC*,
    No. 19-CV-1498-LAB, 2020 WL 3971518 (S.D. Cal. July 13, 2020) ................. 20

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) (UCL) ......................................................................... 12

*Ladore v. Sony Computer Entm't Am., LLC*,
    75 F. Supp. 3d 1065 (N.D. Cal. Dec. 16, 2014) ............................................... 19

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ........................................................... 13

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ........................................................................... 14

*Loo v. Toyota Motor Sales, USA, Inc.*,
    No. 8:19-cv-00750-VAP, 2020 WL 4187918 (C.D. Cal. Apr. 10, 2020) .......... 20, 21

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Lopez v. Nissan N. Am., Inc.*,
  201 Cal. App. 4th 572, 135 Cal. Rptr. 3d 116 (2011) ........................................... 18

*Love v. The Mail on Sunday*,
  No. CV05-7798ABCPJWX, 2006 WL 4046170 (C.D. Cal. Jul. 14, 2006) ........................... 5

In *re MacBook Keyboard Litig.*,
  No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ......................... 20

*Madrigal v. Hint, Inc.*,
  No. CV1702095VAPJCX, 2017 WL 6940534 (C.D. Cal. Dec. 14, 2017) ..................... 19, 20

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ....................................................... 23

*Martinez v. Metabolife Int'l, Inc.*,
  113 Cal. App. 4th 181, 6 Cal. Rptr. 3d 494 (2003) ........................................... 15

*McMahon v. Take-Two Interactive Software, Inc.*,
  745 F. App'x 786 (9th Cir. 2018) ........................................................... 16

*Melchior v. New Line Productions, Inc.*,
  106 Cal.App.4th 779, 131 Cal.Rptr.2d 347 (2003) ........................................... 21

*MH Pillars Ltd. v. Realini*,
  277 F. Supp. 3d 1077 (N.D. Cal. 2017) ...................................................... 21

*Minkler v. Apple, Inc.*,
  65 F. Supp. 3d 810 (N.D. Cal. Aug. 20, 2014) ............................................... 19

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................................. 6

*Neubronner on Behalf of Mercatura Trust v. Young*,
  111 F.3d 138 (1997) ........................................................................ 18

*Nutrition Distribution LLC v. Juggernaut Nutrition LLC*,
  2018 WL 4385598 (D. Arizona Sept. 14, 2018) ................................................ 6

*Omeluk v. Langsten Slip & Batbyggeri*,
  52 F.3d 267 (9th Cir. 1995) ................................................................. 3

*Papasan v. Allain*,
  478 U.S. 265 (1986) ......................................................................... 6

*Patriotic Scientific Corp. v. Korodi*,
  504 F. Supp. 2d 952 (S.D. Cal. 2007) ....................................................... 17

*Peviani v. Natural Balance, Inc.*,
  774 F. Supp. 2d 1066 (S.D. Cal. 2011) ...................................................... 10

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Plumlee v. Pfizer, Inc.*,
  No. 13-CV-00414-LHK, 2014 WL 695024 (N.D. Cal. Feb. 21, 2014) ................................... 8

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ....................................................................... 19

*Rodarte v. Philip Morris, Inc.*,
  No. CV03-0353FMC(CTX), 2003 WL 23341208 (C.D. Cal. June 23, 2003)......................... 8

*Rojas v. Bosch Solar Energy Corp.*,
  386 F. Supp. 3d 1116 (N.D. Cal. 2019) ............................................................................... 22

*Romero v. HP, Inc.*,
  No. 16-cv-5415, 2017 WL 386237 (N.D. Cal. Jan. 27, 2017)............................................... 22

*Royal Thrift & Loan Co. v. Cty. Escrow, Inc.*,
  123 Cal. App. 4th 24 (2004)................................................................................................... 9

*Sater v. Chrysler Grp. LLC*,
  No. EDCV 14-00700-VAP, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ............................. 21

*Scharzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)................................................................................................... 5

*Seldin v. HSN, Inc.*,
  2018 WL 3570308 (S.D. Cal. July 25, 2018) ............................................................. 7, 11, 12

*Shaeffer v. Califia Farms, LLC*,
  44 Cal. App. 5th 1125 (2020)............................................................................................... 12

*Sharma v. Volkswagen AG*,
  No. 20-cv-02394-JST, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ................................ 20, 22

*Shelton v. Ocwen Loan Servicing, LLC*,
  No. 18-CV-02467-AJB-WVG, 2019 WL 4747669 (S.D. Cal. Sept. 30, 2019)............... 17, 18

*Silcox v. State Farm Mut. Auto. Ins. Co.*,
  2014 WL 7335741 (S.D. Cal. Dec. 22, 2014) ....................................................................... 11

*Smith v. Wolf*,
  No. 3:20-CV-1409-JAH-JLB, 2021 WL 5633497 (S.D. Cal. Dec. 1, 2021) .......................... 9

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020)........................................................................................... 19, 20

*Stewart v. Electrolux Home Prods., Inc.*,
  2018 WL 1784273, at *3 (E.D. Cal. Apr. 13, 2018)....................................................... 10, 13

*Sugawara v. Pepsico, Inc.*,
  No. 2:08–cv–01335–MCE–JFM, 2009 WL 1439115 (E.D. Cal. May 21, 2009).................. 16

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Supermail Cargo, Inc. v. United States*,
  68 F.3d 1204 (9th Cir. 1995)........................................................................................... 7

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) (UCL)....................................................................................... 12

*U.S. Bank Nat'l Ass'n v. Friedrich*s,
  No. 12cv2373-GPC, 2013 WL 589111 (S.D. Cal. Feb. 13, 2013) .......................... 9

*Vavak v. Abbott Labs., Inc.*,
  No. 10-cv-1995, 2011 WL 10550065 (C.D. Cal. June 17, 2011) ........................... 19

*Ventura Cnty. Nat. Bank. v. Macker*,
  49 Cal. App. 4th 1528 (1996)......................................................................................... 9

*Walden v. Fiore*,
  571 U.S. 277 (2014)......................................................................................................... 4

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021)........................................................................ 15

*Weisblum v. Prophase Labs, Inc.*,
  88 F. Supp. 3d 283 (S.D.N.Y. 2015)........................................................................... 19

*Weissich v. Cnty. of Marin*,
  224 Cal. App. 3d 1069 (Ct. App. 1990)..................................................................... 18

*Williams v. Apple, Inc.*,
  No. 19-CV-04700-LHK, 2020 WL 1492718 (N.D. Cal. Mar. 27, 2020) ............... 22

*Williams v. Canon, Inc.*,
  432 F. Supp. 376 (C.D. Cal. 1977)................................................................................ 5

*Williams v. Yamaha Motor Corp.*,
  U.S.A., No. CV1305066BROVBKX, 2015 WL 13626022 (C.D. Cal. Jan. 7,
  2015).................................................................................................................................... 9

*Xavier v. Philip Morris USA Inc.*,
  787 F. Supp. 2d 1075 (N.D. Cal. 2011)...................................................................... 15

**Statutes**

Cal. Bus. & Prof. Code § 17200 ......................................................................................... 7

Cal. Bus. & Prof. Code § 17208 ......................................................................................... 8

Cal. Bus. & Prof. Code § 17500 ......................................................................................... 7

Cal Civ Code § 1770(a)......................................................................................................... 7

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Cal. Civ. Code § 1783 ........................................................................................................... 8

Cal. Cod Civ. Proc. § 338(a) ................................................................................................. 8

Cal. Code Civ. Proc. § 339(1) ............................................................................................... 9

Cal. Code Civ. Proc. § 410.10 ............................................................................................... 3

Cal. Com. Code § 2725(1) ..................................................................................................... 8

Cal. Com. Code § 2725(2) ..................................................................................................... 9

**Other Authorities**

Fed. Rule of Civil Procedure Rule 9 .......................................................................... *passim*

Fed. Rule of Civil Procedure Rule 12(b) ........................................................................ 6, 7

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MARTIAN SALES' MOTION TO DISMISS
CASE NO. 3:23-CV-06202
1100206540\3\AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on May 2, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Araceli Martínez-Olguín, Defendant Martian Sales, Inc. ("Martian Sales") shall and hereby does move to dismiss each of the claims pleaded in Plaintiffs CM and MC's Complaint (Dkt. 1) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  Martian Sales's Motion is based on this Notice, the incorporated Memorandum of Points and Authorities, the accompanying Declaration of Mark Reilly ("Reilly Decl."); the pleadings, records and files in this action, any other matters of which the Court takes judicial notice, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

## ISSUES TO BE DECIDED

1.      Whether this Court can properly exercise personal jurisdiction over Martian Sales under Federal Rule of Civil Procedure 12(b)(2), given that Martian Sales has no ties to the state of California, conducts no business within the state, and has no basis to be brought into a California Court.

2.      Whether Plaintiffs' claims are time-barred under the applicable California statute of limitations.

3.       Whether Plaintiffs' claims should be dismissed under Fed. Rule of Civil Procedure 12(b)(6) as Plaintiffs fail to reach the heightened pleading standard under Rule 9(b) for their fraud-based causes of action and fail to set forth any of the requisite elements of their fraud claims.

4.      Whether lack of privity destroys some of Plaintiffs' claims.

5.      Whether Plaintiffs' requests for equitable relief are insufficiently pled and unfairly duplicative of the other causes of action.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## INTRODUCTION

Plaintiffs, two unnamed individuals who aver having consumed a dietary supplement derived from *mitragyna speciosa*, a tropical plant commonly known as kratom, sue Defendant Martian Sales, Inc. d/b/a O.P.M.S. ("Martian Sales"), for alleged violations of various California warranty and consumer protection laws. Whatever the merits of these allegations, this Court lacks the power to exercise personal jurisdiction over Martian Sales, warranting dismissal.

Even if the Court confronts the substance, Plaintiffs' claims all fail for five simple reasons. **First**, the pleadings demonstrate that Plaintiffs' claims fall outside the operative statutes of limitations. **Second**, Plaintiffs fail to satisfy the heightened pleading standard imposed by Rule 9(b) for their fraud-based claims.  Third, Plaintiffs independently fail to plead all facts necessary to plausibly assert each of the requisite elements of their claims.  **Fourth**, Plaintiffs fail to—and cannot—plead privity with Martian Sales, which makes no direct-to-consumer sales. **Fifth**, Plaintiffs' similarly fail to plausibly plead their claims seeking equitable relief, which are also needlessly duplicative of their other claims.

## FACTUAL ALLEGATIONS

Plaintiffs allege that C.M. first heard about kratom "through a friend"—like Plaintiff, also unnamed—at some undefined time in some unidentified place. Compl. ¶ 89. C.M. thereafter began purchasing O.P.M.S. kratom from a "smoke shop" in California in 2020, and later from an online retailer ([www.pureleafkratom.com](www.pureleafkratom.com)[1]). *Id.* C.M. alleges that at some point after first consuming kratom in 2020, he began consuming larger quantities of kratom, which he characterizes as the manifestation of an addiction. *Id.* ¶ 90. C.M. alleges that when he made his first purchase of O.P.M.S. kratom at some undefined time in 2020, (however, unclear as to whether before or after first use) he reviewed the labeling and disclosures. *Id.* ¶ 89. Tellingly, he does not proclaim that the information contained in those materials were at all significant to his decision to purchase or use the product, as opposed to the undisclosed words of the unidentified friend from whom he first heard of the product. *See e.g.* Compl. ¶ 89.

---

[1] Pureleafkratom.com sells numerous brands of kratom products on its website, and is not affiliated with O.P.M.S. in any form, except that it is a retailer of certain products.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiff M.C. alleges that she is a former opioid user, who began using kratom to alleviate her opioid dependence. Compl. ¶ 92. M.C. specifically alleges that she began purchasing O.P.M.S. branded "Gold" extracts in October 2018 from a smoke shop in Napa, California. *Id.* When M.C. made her first purchase, she proclaims having reviewed the O.P.M.S. packaging and labels. *Id.* But like C.M., she does not assert that this review was in any way meaningful to her purchasing decisions, as opposed to her own decision to somehow endeavor self-treatment of her opioid dependence. *Id.* Nor does she allege when this review of O.P.M.S. labels occurred. *Id.* About six months after she began using Defendant's Products, in 2018, M.C. alleges that she became aware of her alleged addiction to kratom. *Id.* ¶ 93.

Having asserted these meager facts, Plaintiffs seek to represent the following class of individuals:

> All persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased O.P.M.S. kratom products.

*Id.* ¶ 95. Plaintiffs also seek to represent a subclass of all Class members who purchased kratom Products in California, within the applicable statutory period. *Id.* ¶ 96.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I.    LEGAL STANDARD

Federal courts have limited jurisdiction and should dismiss any lawsuit against a defendant over whom they lack personal jurisdiction. Generally, the law imposes two limits on this Court's exercise of personal jurisdiction over a non-forum defendant, one statutory and one constitutional. *Fireman's Fund v. National Bank of Cooperative*s, 103 F.3d 888, 893 (9th Cir.1996); *Omeluk v. Langsten Slip & Batbyggeri*, 52 F.3d 267, 269 (9th Cir. 1995). Because California's long-arm statute extends jurisdiction as far as the United States Constitution permits, this inquiry distills into a single test of constitutional due process. *See* Cal. Code Civ. Proc. § 410.10; *see Fireman's Fun*d, 103 F.3d at 893. The touchstone is whether the defendant presents sufficient contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Governing case law establishes that these constitutional considerations recognize the propriety of exercising personal jurisdiction that is either general or specific. For a corporation, the paradigm forum for the exercise of jurisdiction is "one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 924 (2011). Specific personal jurisdiction may exist if the defendant's place of incorporation or principal operations are elsewhere, but in such circumstances the controversy must arise from or relate to the defendant's acts within or purposefully directed to the forum state. *Id.* at 919.

Because Plaintiffs admit that Martian Sales "is a Wyoming corporation with its principal place of business in Sheridan, Wyoming" (Compl. ¶ 9), they must rely on specific jurisdiction to invoke this Court's judicial power over Martian Sales. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Although the familiar "minimum contacts" test for personal jurisdiction established in International Shoe Co. remained unchanged for nearly seven decades, in the last fifteen years, the Supreme Court began to dramatically rein in the exercise of judicial power. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873  (2011) (reversing exercise of jurisdiction); *Goodyear Dunlop Tires Operations, S.A. v. Brow*n, 564 U.S. 915 (2011) (same); *Daimler AG v. Bauman*, 571 U.S. 122 (2014) (same); *Walden v. Fiore*, 571 U.S. 277 (2014) (same); *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017) (same); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) (same).

In one of the Supreme Court's most recent pronouncements on the subject, it reiterated two ways in which a plaintiff can establish specific jurisdiction. *Ford Motor Company v. Montana Eight Judicial District*, 141 S. Ct. 1017 (2021). Under the first method, a plaintiff may establish jurisdiction by demonstrating a causal connection between the defendant's acts in the forum and the specific injury alleged. *Id.* at 1026. Under the second method, a defendant may be subject to jurisdiction for having created a market for its product in a particular state through significant and continued advertising in a particular state, direct sales of a product in a particular state, and extensive servicing of a product in a particular state, even if the plaintiff ultimately purchases the product out of state. *Id.* at 1026-30. Under the second method, however, the plaintiff must still

1   establish that the defendant "extensively promoted, sold, and serviced" the product in the forum

2   state. *Id.* at 1032.

3        Importantly, the plaintiff bears the initial burden to establish a *prima facie* case of personal

4   jurisdiction. Even if the plaintiff succeeds in performing that task, the inquiry continues, and the

5   defendant is permitted to counter the Plaintiff's allegations and evidence of *prima facie* proof with

6   its own evidence. *Scharzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

7   **II.   ARGUMENT**

8        Plaintiffs aver only the most conclusory jurisdictional allegations that Martian Sales

9   "systemically and continually conducted, and continues to conduct, business in this State." (Compl.

10  ¶ 12). Plaintiffs similarly argue, using the most conclusory labels and terms, that Defendant

11  "intentionally availed itself of the benefits and privileges of the California consumer market

12  through the promotion, marketing, and sale of its products to residents within this District and

13  throughout this State." (*Id.*)

14       These buzzwords are not jurisdictional facts and fail to support the Court's exercise of

15  jurisdiction over Martian Sales. Indeed, the declaration of Mark Reilly, the President of Martian

16  Sales, directly controverts Plaintiffs' conclusory jurisdictional allegations. As Mr. Reilly's

17  declaration explains, Martian Sales did not sell kratom to Plaintiffs. In fact, it does not sell kratom

18  directly to any consumers. Martian Sales also did not promote, market, or sell any products in

19  California and has conducted no business in California. Martian Sales owns the O.P.M.S.

20  trademark.[2]   Reilly Decl. ¶ 5. It contracts with manufacturers located **outside** of California to

21  produce the product. *Id.* ¶¶ 12-15. It then contracts with a distributor also located **outside** of

22  California to purchase and distribute the products to retailers, wholesalers, and other distributors.

23

24  [2] Passive action, such as owning a trademark, is not an intentional act expressly aimed at California
    that warrants an exercise of personal jurisdiction. *See Williams v. Canon, Inc.*, 432 F. Supp. 376,
25  380 (C.D. Cal. 1977) (a foreign corporation's ownership of 23 registrations for a trademark used in
    California does not constitute doing business there); *Love v. The Mail on Sunday*, No. CV05-
26  7798ABCPJWX, 2006 WL 4046170, at *7 (C.D. Cal. Jul. 14, 2006) (same); s*ee also Advanced
    Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 1996 WL 467293, n.5 (N.D. Cal. Jul. 24, 1996)
27  (ownership of a patent does not support the assertion of personal jurisdiction over a foreign patentee
    in California).
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MARTIAN SALES' MOTION TO DISMISS
CASE NO. 3:23-CV-06202
1100206540\3\AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Id.* ¶¶ 12-13. Martian Sales does not retain any control over the product or distribution channel after initially selling it to the distributor. *Id.* ¶ 16. Martian Sales does not engage in any advertising within the State of California and does not direct any advertising campaigns to the state. *Id.* ¶ 17.

The Supreme Court has made crystal clear that the act of selling a product outside the forum state to a distributor that later sells the product to someone within the forum state is insufficient to confer personal jurisdiction. *See, e.g.*, *J. McIntyre Machinery, Ltd. v. Nicastr*o, 564 U.S. 873, 886-87 (2011); *see also*, *e.g.*, *Nutrition Distribution LLC v. Juggernaut Nutrition LLC*, 2018 WL 4385598, at \*4 (D. Arizona Sept. 14, 2018) (rejecting personal jurisdiction over a defendant that "sold the product to two California distributors who, without Defendant's direction or knowledge, sold the product to stores in Arizona," the forum state). Because Martian Sales did not direct any sales, marketing, or promotion to California, it is not subject to personal jurisdiction here, and the Court should dismiss Martian Sales pursuant to Rule 12(b)(2).

## **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

### I.   **LEGAL STANDARD**

Even if personal jurisdiction exists, the Court should still dismiss any case in which the plaintiff fails to plead a plausible claim. *See Navarro v. Bloc*k, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (as amended).

A legal theory is not cognizable simply because it is alleged; mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may accordingly disregard any "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court should not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis., Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (discussing

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

the equivalent Rule 12(b)(6) motion). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

## II.   ARGUMENT

### A.   Plaintiffs' Consumer Protection Claims Fail For Multiple Reasons.

The CLRA prohibits those "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer" enumerated in California Civil Code Section 1770(a). Here, Plaintiffs purport to allege claims under Section 1770(a), subdivisions (5), (7), and (9) (Compl. ¶¶118-126), all of which prohibit false or misleading representations or advertising regarding goods or services. *See* Cal. Civ. Code § 1770(a)(5), (7), and (9). California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. And California's FAL prohibits "untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17500.

"As the UCL, CLRA, and FAL claims alleging false and misleading misrepresentations overlap in both scope and elements, courts often consolidate the claims when considering a motion to dismiss." *Seldin v. HSN, Inc.*, 2018 WL 3570308, at *4 (S.D. Cal. July 25, 2018). Here, Plaintiffs' CLRA, UCL, and FAL claims should be dismissed because their claims are time-barred. Even if Plaintiffs had timely brought their claims, they fail to allege facts sufficient to state plausible claims and have not pleaded them with the heightened specificity required by Rule 9(b).

### 1.   Plaintiffs' Claims Are Barred, in Part, by the Statute of Limitations.

Plaintiffs' Fifth, Sixth, and Seventh causes of action are all barred by the applicable statute of limitations. Plaintiff M.C.'s First, Second, Third, and Fourth causes of action are similarly time-barred. "A motion to dismiss based on the running of the statute of limitations period may be granted . . . if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal quotations and citation omitted).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Under the CLRA, the limitations period begins to run on the date the improper consumer practice was first committed. Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of [the CLRA] shall be commenced not more than three years from the date of the commission of such method, act, or practice" (emphasis added)). Similarly, although no specific statutory provision sets forth the statute of limitations for FAL claims, California Code of Civil Procedure § 338(a) imposes a three-year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture." *See Rodarte v. Philip Morris, Inc.*, No. CV03-0353FMC(CTX), 2003 WL 23341208, at *2 (C.D. Cal. June 23, 2003) (finding that section 338(a) applies to a FAL claim). Fraudulent omission claims likewise have a three-year statute of limitations. *Johnson v. Glock, Inc.*, No. 3:20-CV-08807-WHO, 2021 WL 1966692, at *3 (N.D. Cal. May 17, 2021). UCL claims have a slightly longer, four-year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208.

Because these four claims all "proscribe misleading, false, or otherwise deception practices or statements in transactions for the sale or lease of goods to consumers," a cause of action under each "accrues when a defendant misrepresents or omits material information regarding a product or service and a consumer makes a purchase as a result of such deceptive practices." *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 695024, at *7 (N.D. Cal. Feb. 21, 2014); *Brown v. Madison Reed, Inc.*, 622 F. Supp. 3d 786, 799 (N.D. Cal. 2022), *aff'd*, No. 22-16415, 2023 WL 8613496 (9th Cir. Dec. 13, 2023) (dismissing CLRA, FAL, and UCL claims as time barred on Motion to Dismiss); *Johnson v. Glock, Inc.*, No. 3:20-CV-08807-WHO, 2021 WL 1966692, at *4 (N.D. Cal. May 17, 2021) (refusing to apply delayed discovery doctrine to fraudulent omission claim where the plaintiff failed to "plead the particulars of when and how he discovered the alleged fraud.").

Under California law, the breach of implied warranty is four years. *See* Cal. Com. Code § 2725(1). Typically, the statute of limitations for a breach of warranty claim—including a claim for breach of implied warranty—accrues when the breach occurs. And a breach occurs when the seller tenders the warranted goods, "regardless of the aggrieved party's lack of knowledge of the

breach." *See, e.g.*, Cal. Com. Code § 2725(2). As with the false advertising claims, "[t]his rule applies even when the defect is discovered later; that is, there is no 'discovery rule.'" *Williams v. Yamaha Motor Corp.*, U.S.A., No. CV1305066BROVBKX, 2015 WL 13626022, at *4 (C.D. Cal. Jan. 7, 2015).

Here, Plaintiff M.C. alleges that she first purchased O.P.M.S. kratom in 2018. Compl. ¶ 92. She further alleges that roughly "six months" after her first purchase, she learned she was addicted to kratom, and discovered O.P.M.S.'s purported addictive potential, gutting any delayed discovery argument even if it did apply. *Id.* ¶ 93.   Given that Plaintiff M.C.'s only alleged purchase of O.P.M.S. kratom was in 2018, her consumer fraud claims expired in 2021, three years after the date of her first purchase. Similarly, her breach of implied warranty claim expired in 2022. Thus, her CLRA, FAL, UCL, fraudulent omission, and breach of implied warranty claims are time-barred.

In California, a negligent misrepresentation claim carries a two-year statute of limitations. *See Cutler v. Rancher Energy Corp.*, No. SACV 13-00906-DOC, 2014 WL 1153054 at *5 (C.D. Cal. Mar. 11, 2014) (citing *Ventura Cnty. Nat. Bank. v. Macker*, 49 Cal. App. 4th 1528 (1996)); *U.S. Bank Nat'l Ass'n v. Friedrich*s, No. 12cv2373-GPC, 2013 WL 589111 at *7 (S.D. Cal. Feb. 13, 2013). Generally, the statute of limitations is triggered on the date of the injury, and a plaintiff's ignorance of the injury does not toll the statute. *See Royal Thrift & Loan Co. v. Cty. Escrow, Inc.*, 123 Cal. App. 4th 24, 43 (2004). Given both Plaintiffs' admissions that they purchased O.P.M.S. kratom in 2020 and 2018, (Compl. ¶¶ 89, 92) and this suit was not brought until November 2023, Count VII must be dismissed as time-barred. Again, even if Plaintiffs could benefit from delayed discovery, they allege awareness of kratom's purported addictiveness shortly after their first purchases in 2018 and 2022. Compl. ¶¶ 89, 92.

Lastly, both Plaintiffs' unjust enrichment claim is similarly time-barred under California's much shorter two-year statute of limitations. *See* Cal. Code Civ. Pro. § 339(1). In Paragraphs 89-93 of the Complaint, Plaintiffs acknowledge that their first purchase of O.P.M.S. kratom took place in 2020 (for C.M.) and 2018 (for M.C.), which means that the limitations period would have expired in 2020, and 2022. *See Smith v. Wolf*, No. 3:20-CV-1409-JAH-JLB, 2021 WL 5633497 at *2 (S.D.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Cal. Dec. 1, 2021) ("Because more than two years has elapsed from when the incident occurred to the filing of Plaintiffs' complaint . . . the unjust enrichment claim is time-barred."). Indeed, both Plaintiffs note that they realized their respective addictions to kratom shortly after their first consumptions (Compl. ¶¶ 89-93), in 2018 and 2020. But given that Plaintiffs did not file this suit until November 2023, their claims are time-barred under the applicable statute of limitations.[3]

### 2.      Rule 9(b)'s Heightened Pleading Standard Applies.

Rule 9(b)'s heightened pleading standard applies to Plaintiffs' claims under the CLRA, UCL, and FAL. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("The requirement in Rule 9(b) of the Federal Rules of Civil Procedure that allegations of fraud be pleaded with particularity applies to claims which are made in federal court under the CLRA and UCL."); *Stewart v. Electrolux Home Prods., Inc.*, 2018 WL 1784273, at *3 (E.D. Cal. Apr. 13, 2018) ("Each of these claims [UCL, CLRA, and FAL] sound in fraud, and thus must be alleged with particularity under Federal Rule of Civil Procedure 9(b).").

Rule 9(b) provides that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, "averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A plaintiff must set forth **more** than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement and why it is false." *Peviani v. Natural Balance, Inc.*, 774 F. Supp. 2d 1066, 1071 (S.D. Cal. 2011) (internal citations omitted) (emphasis added); *see also Frenzel v. AliphCom*, 76 F.Supp.3d 999, 1005 (N.D. Cal. 2014) ("To satisfy [Rule 9(b)], a plaintiff must identify 'the time, place, and content of [the] alleged misrepresentation[s],' as well as the 'circumstances indicating falseness' or 'manner in which the representations at issue were false and misleading.'"). Claims based on nondisclosure or

---

[3] Further, even if Plaintiffs attempted to argue that the delayed discovery doctrine should save any of their claims, they fail to allege any facts regarding when they purportedly discovered kratom's addictiveness, and any diligence they exercised to discover whether kratom had addictive potential. *Johnson v. Glock, Inc.*, No. 3:20-CV-08807-WHO, 2021 WL 1966692, at *4 (N.D. Cal. May 17, 2021) ("Pleading about reasonable diligence would be unhelpful in any event: without knowing the circumstances of discovery, it is impossible to know whether reasonable diligence would have caused that discovery earlier.").

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

omission also must be pled with particularity under Rule 9(b), including specifying the content of the purported omission and where the omitted information should have been revealed. *Seldin v. HSN, Inc.*, No. 17-CV-2183-AJB-MDD, 2018 WL 3570308 at *5-6 (S.D. Cal. July 25, 2018).

As explained above, Plaintiffs' CLRA, UCL, and FAL claims are each based on purportedly false or misleading representations or omissions in Martian Sales' advertising. *See* Compl. ¶¶ 66-67, 89-93, 111-112, 119-121; 130-133. But Plaintiffs failed to allege facts sufficient to state claims that satisfy the heightened specificity required by Rule 9(b) because they do not allege having seen or relied upon any specific statement prior to making their purchases and instead expressly attribute those purchases to other reasons.

### 3.        Plaintiffs Do Not Allege a Specific Statement or Omission.

In assessing the sufficiency of allegations of purportedly false and misleading representations, courts have made clear that "Rule 9(b) demands direct quotations" or other allegations sufficient to identify what the defendant actually said. *Gross v. Symantec Corp.*, 2012 WL 3116158, at *4-5 (N.D. Cal. July 31, 2012); *see also Frenzel*, 76 F.Supp.3d at 1014 (allegation that did not "identify what the [defendant's] representations 'specifically stated'" was not sufficient to state a claim under the CLRA, UCL, or FAL); *Silcox v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7335741, at *6 (S.D. Cal. Dec. 22, 2014) (dismissing UCL and FAL claims where allegations were "generic in nature and provide no basis from which the Court can conclude what representations State Farm allegedly made regarding long-term care insurance"). With respect to FAL, CLRA, and UCL claims based upon a fraudulent nondisclosure or omission, "a plaintiff alleging omissions must plead these omissions with particularity pursuant to Rule 9(b)." *Seldin*, 2018 WL 3570308, at *5-6. For example, the complaint must plead with specificity "the content of the omission and where the omitted information should or could have been revealed ... or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Id.* at *6. Plaintiffs have failed to specifically plead an omission.

Here, Plaintiffs' CLRA, UCL, and FAL claims fail to meet that requirement because the Complaint does not identify the specific statement (or purported omission) by Martian Sales on

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

which the claims are based. Rather, Plaintiffs' CRLA, UCL, and FAL claims all include the same, generic allegation that they and class members would not have purchased O.P.M.S. products "but for Defendant's failure to disclose the addictive nature of its Products." Compl. ¶ 112. As in *Seldin*, Plaintiffs fail to plead with specificity what Martian Sales should have said, where the omitted information should or could have been revealed, or what other affirmative representations Plaintiffs relied on that did not include the allegedly omitted information. *See* 2018 WL 3570308, at *6. *See also Hall v. Sea World Ent., Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 at *14 (S.D. Cal. Dec. 23, 2015) ("[T]he FAC fails to plead with specificity where any omitted information could have been revealed such that Plaintiffs would have seen it prior to purchasing their tickets. Lacking such allegations, the FAC fails to plead actionable fraud based on omissions with particularity as required by Rule 9(b)."). Because Plaintiffs have failed to plead an affirmative representation or an omission by Martian Sales with the specificity required by Rule 9(b), Plaintiffs' UCL, CLRA, and FAL claims must be dismissed.

### 4. Plaintiffs Does Not Allege Reliance on Any Statement or Omission.

Fraud-based claims asserted under the UCL, FAL, or CLRA require a showing of reliance. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326–27 (2011) (UCL); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (UCL); *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1143 (2020) (UCL and CLRA); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (same for "unlawful practice" claim grounded in fraud). Accordingly, a number of courts have required plaintiffs under the CLRA and UCL to affirmatively state which advertisement or commercial containing a misrepresentation plaintiff relied upon in order to adequately plead reliance under Rule 9. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1226 (9th Cir.2009) ("Nowhere in the TAC does Kearns specify what the television advertisements or other sales material specifically stated. Nor did Kearns specify when he was exposed to them or which ones he found material.... Accordingly, these pleadings do not satisfy the requirement of Rule 9(b)."); *In re iPhone 4S Consumer Litig.*, No. C 12–1127 CW, 2013 WL 3829653, at *12–13 (N.D.Cal. July 23, 2013) (dismissing UCL and CLRA claims for plaintiff to "allege with specificity which

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

commercials or other misleading advertisements they each relied upon in purchasing their devices"). In addition, "[a]ctual reliance in the context of CLRA, UCL, and FAL claims requires a plaintiff allege that they or she (1) was exposed to (*e.g.*, heard, read, or saw) a defendant's representation regarding a product, (2) that was false and/or misleading, (3) to which a reasonable person would attach importance (materiality), and (4) incurred economic injury as a result." *Stewart*, 2018 WL 1784273, at \*5; *see also Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (granting motion to dismiss UCL and FAL claims where Plaintiffs "meticulously describe the allegedly misleading advertisements" but failed to allege that the named Plaintiffs "saw, read, or in any way relied on the advertisements").

In *Stewart*, for example, the court held that plaintiffs' allegations that they had "researched various ovens online and in the store prior to their purchase" were insufficient to plead reliance on statements about the self-cleaning features of the purchased oven because plaintiffs did not "allege with any specificity they were exposed to any of the identified advertising and product misrepresentations about the functionality of the self-cleaning feature" of the ovens. *Stewart*, 2018 WL 1784273, at \*5. Similarly, in *Frenzel*, the court dismissed CLRA, UCL, and FAL claims for failing to allege reliance under Rule 9(b). 76 F.Supp.3d at 1013-14. "While the complaint references a number of specific statements by Jawbone," the court explained, "it fails to specify which, if any, of these statements *Frenzel* personally reviewed and relied on. Instead, the complaint broadly alleges that *Frenzel* 'reviewed [Jawbone's] marketing materials and representations,' and that they purchased their second generation Jawbone UP 'based on those representations.'" *Id.* at 1014-15.

Here too, although Plaintiffs allege that they reviewed the O.P.M.S. packaging and labels, which purportedly lacked disclosures about kratom's purported "addictive potential" (Compl. ¶¶ 89, 92) they fail to allege what specific statements they relied on, how they lead to a misimpression, and how these omissions influenced their purchasing decisions. And, similar to the *Stewart* case, Plaintiff C.M. claims he "first heard about kratom through a friend"—not Martian Sales—who they allege did not tell him about the alleged "risks of dependency or addiction." *See* Compl. ¶ 89. The Complaint does not allege that Plaintiffs reviewed any Martian Sales packaging or labels prior to

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

their first **kratom** purchase, rather than O.P.M.S. purchase, or that they factored any labeling into their decision-making. *Id.* Thus, because the Complaint fails to plausibly allege that Martian Sales' alleged wrongdoing was the cause of Plaintiffs' injury, it must be dismissed.

5.      **Plaintiffs Does Not Allege a Duty to Disclose any Purported Omission.**

To the extent Plaintiffs' claims are based on alleged nondisclosures, those claims would fail for lack of a duty on Martian Sales' part to disclose kratom's "addictiveness." There is no generalized duty to disclose, and so a plaintiff asserting a concealment/nondisclosure claim must plead facts that would establish the defendant had such a duty to the plaintiff. *See, e.g.*, *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). Under California law, such a duty can only exist in one of four scenarios: (1) a fiduciary relationship; (2) defendant made partial representations to plaintiff that were misleading because defendant omitted material facts; (3) defendant actively concealed material facts from plaintiff; or (4) defendant had exclusive knowledge of facts that would have been material to plaintiff. *LiMandri v. Judkins,* 52 Cal. App. 4th 326, 336 (1997). Here, Plaintiffs do not allege (nor could they) that Martian Sales owed them a fiduciary duty; they do not identify any representations, full or partial, with particularity; and the Complaint's only mention of concealment is conclusory. Further, Plaintiffs provide no allegations to claim that Martian Sales held "exclusive knowledge" regarding kratom's addictive potential.

The Complaint therefore fails to establish any duty to disclose on the part of Martian Sales, a necessary element of the claim. *See Edwards v. FCA US LLC*, No. 22-CV-01871-WHO, 2022 WL 1814144, at *3 (N.D. Cal. June 2, 2022) ("To state a claim for fraud by omission, [plaintiff] must plausibly allege that [defendant] had a duty to disclose the omitted fact. . . ."). While Plaintiffs make the conclusory statement that Martian Sales held a "duty" towards them and the putative class members, the Complaint lacks plausible allegations in support of any of the four circumstances that would establish such a duty.

B.      **Plaintiffs' Breach of Implied Warranty Claim Fails for Lack of Privity and Because No "Implied Affirmations of Fact" Have Been Made.**

Plaintiffs' Count IV for breach of implied warranty fails for lack of privity.  California requires privity between the seller and consumer for a breach of implied warranty claim. *Clemens*

*v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citation omitted); *Green v. Canidae Corp.*, No. CV 09-0486 GAF PLAX, 2009 WL 9421226, at *5 (C.D. Cal. June 9, 2009); *see also Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1082 (N.D. Cal. 2011) ("A buyer and seller stand in privity only if they are in adjoining links of the distribution chain; an end consumer who buys products from a retailer is not in privity with the manufacturer of the products."); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021) (same). As set forth above, (*see* Section B, *supra*) Martian Sales does no direct-to-consumer sales[4], and Plaintiffs do not allege any direct purchase from the Defendant. Compl. ¶¶ 89-94. Because Defendant did not sell any products directly to Plaintiffs, Count IV cannot survive.

Nonetheless, even if privity did exist, which it does not, Plaintiffs will be unable to maintain their claims. California recognizes two theories for a breach of the implied warranty of merchantability: (i) whether the goods are not fit for the ordinary purposes for which they are used, and (ii) whether the goods fail to conform with the promises or affirmations contained on the container or label. *See Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1104 (S.D. Cal. 2015) (explaining that there are "two separate definitions of merchantability") (citing to *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 189, 6 Cal. Rptr. 3d 494 (2003)). Here, Plaintiffs are proceeding under the second theory—*i.e.*, failure to conform with promises and affirmations.

Plaintiffs describe O.P.M.S. kratom as failing to conform with the "implied affirmations of fact . . . that the Products are not addictive and do not cause withdrawals." Compl., ¶ 141. But the entire theory behind the Complaint is that Martian Sales did not tell end-users in its packaging that Kratom was potentially addictive and/or could cause withdrawal symptoms. Plaintiffs cannot premise their implied warranty claim on the notion that kratom failed to conform with promises or affirmations that were never actually made.

---

[4]  Further, there is a split of authority in California district courts as to whether the CLRA claim could also be dismissed for lacking privity between the end-consumer (Plaintiffs) and the manufacturer (Martian Sales). *See MGA Ent., Inc.*, 550 F. Supp. 3d at 836 (discussing split of authority and holding no CLRA claim without privity of sale); Here, neither Martian Sales nor O.P.M.S. do direct to consumer sales. *See* https://opmkratom.com/faqs/.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Thus, because the O.P.M.S. kratom packaging does not contain the representations that they claim were promised, this Court should dismiss Plaintiffs' implied warranty claim, as numerous other courts have done in this scenario. *See, e.g.*, *McMahon v. Take-Two Interactive Software, Inc.*, 745 F. App'x 786, 787 (9th Cir. 2018) (affirming dismissal of implied warranty claim that goods conform to "promises and affirmations", where the product packaging did not specifically and unequivocally state the promises at issue); *Sugawara v. Pepsico, Inc.*, No. 2:08–cv–01335–MCE–JFM, 2009 WL 1439115 at *5 (E.D. Cal. May 21, 2009) (finding that the plaintiff failed to state an implied warranty claim "because the Product packaging was not misleading or deceptive . . . Plaintiffs received exactly what was described on the box"); *In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 275 F. Supp. 3d 910, 926 (N.D. Ill. 2017) (finding that statement that the product contained "100% grated parmesan cheese" insufficient to sustain implied warranty claim based on promises, because "the labels here make no promise that the product consists of cheese only") *rev'd on other grounds, Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020).

### C.   Plaintiffs' Negligent Misrepresentation and Fraud Claims Are Improper.

Lastly, Plaintiffs' sixth and seventh causes of action for negligent misrepresentation and fraudulent omission are based on the same purportedly wrongful conduct as their statutory claims (the CLRA, FAL, and UCL claims discussed, *supra*) and fail for the same reasons.

### 1.   Count VI and VII Fail Under the Heighted Pleading Standard.

To plead intentional or negligent misrepresentation, Plaintiffs must plead, among other things, a misrepresentation, justifiable reliance by Plaintiffs on the misrepresentation, and resulting damages. *See Celebrity Chefs Tour, LLC v. Macy's*, 16 F. Supp. 3d 1123, 1134 (S.D. Cal. 2014) (reciting the elements of intentional and negligent misrepresentation). For both of these claims, Plaintiffs must again meet the heighted pleading requirements of Rule 9(b). Fed. R. Civ. P 9(b). *See ibid*. ("Because a claim for misrepresentation sounds in fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply.").

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiffs have not done so, instead relying on general descriptions of purported misrepresentations about kratom's addictiveness without pleading *what* exactly was said, *where* it was said, *when* Plaintiffs saw it, or *how* Plaintiffs purportedly relied on it in making their purchase such that it caused them damage. *See* Compl. ¶¶ 89-94. Indeed, Plaintiffs' formulaic recitations of the reliance and causation elements (*see, e.g., id.*) are patently insufficient, particularly under the heightened pleading standard. *See Challenge Printing Co. v. Electronics for Imaging Inc.*, 500 F. Supp. 3d 952, 965-66 (N.D. Cal. 2020) (dismissing intentional misrepresentation, negligent misrepresentation, and fraudulent deceit claims where plaintiff failed to sufficiently allege the who, what, when, where, and how of the misrepresentations); *Patriotic Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 964-65 (S.D. Cal. 2007) (dismissing intentional and negligent misrepresentation claims where plaintiff failed to allege where the alleged false representations were made to defendant). Accordingly, the sixth and seventh causes of action also must be dismissed.

### 2. The Negligence Misrepresentation Claim Independently Fails.

Plaintiffs' Count VII for Negligent Misrepresentation also fails as being outside the limitations period, improperly based on an omission rather than an assertion, and because it is barred by the economic loss doctrine. Count VII must be dismissed.

In order to establish a negligent misrepresentation claim, Plaintiffs must show "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Shelton v. Ocwen Loan Servicing, LLC*, No. 18-CV-02467-AJB-WVG, 2019 WL 4747669 at *9 (S.D. Cal. Sept. 30, 2019) (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)). Further, "[u]nder California law, a negligent misrepresentation claim requires a positive assertion, not merely an omission." *Am. Student Fin. Group et al. v. Aequitas Capital Management, Inc., et al.*, No. 12-cv-2446, 2014 WL 12165417 at *3 (S.D. Cal. Nov. 3, 2014) (quoting *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596, 135 Cal. Rptr. 3d 116, 136 (2011)) (internal quotation marks omitted). This means that "an omission or an implied assertion or representation is not

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

sufficient" to establish a claim. *See Shelton v. Ocwen Loan Servicing, LLC,* No. 18-cv-02467, 2019 WL 4747669 at *9 (S.D. Cal. Sept. 30, 2019); *see also Neubronner on Behalf of Mercatura Trust v. Young*, 111 F.3d 138 at *3 (1997) ("California law requires that plaintiffs allege positive assertions and not merely implied representations to support a claim of negligent misrepresentation."). Contrary to relevant law, Plaintiffs' negligent misrepresentation claim is specifically premised on alleged omissions and withheld information. *See, e.g.*, Compl, ¶ 161 (alleging that Martian Sales "misrepresented that its kratom Products have attributes or qualities that they do not have by <u>failing to disclose</u> that kratom is addictive and can cause opioid-like withdrawal."); id. ¶ 176 ("Consumers reasonably and justifiably relied on Defendant's <u>omission</u> . . . ."); id. ¶ 177 ("As a result of Defendant's <u>omission</u> . . . .") (emphasis added). Thus, because Plaintiffs do not allege any positive assertions on the part of Martian Sales, this claim must be dismissed as a matter of law. *See Am. Student Financial Group, LLC*, 2014 WL 12165417 at *3 ("[Plaintiff] alleges only omissions in support of its negligent misrepresentation claim, not positive assertions. This claim is therefore dismissed."); *Shelton*, 2019 WL 4747669 at *9 (same); *Weissich v. Cnty. of Mari*n, 224 Cal. App. 3d 1069, 1083 (Ct. App. 1990) (finding that the "complaint is inadequate in that it alleges only an implied misrepresentation, not an affirmative or positive assertion of fact.").

Last, under the economic loss doctrine, liability is limited in negligence actions to damages for physical injuries. *See Kalitta Air, LLC v. Central Texas Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) ("In the absence of (1) personal injury, (2) physical damage to property, (3) a special relationship existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed.") (internal quotation marks omitted). Stated differently, "a plaintiff may recover in tort only where they or she can allege person[al] injury or damage to other property, that is, property other than the product itself." *Resnick v. Hyundai Motor Am., Inc.*, 2017 WL 1531192, at *10 (C.D. Cal. Apr. 13, 2017) (applying economic loss rule to negligent misrepresentation claim) (emphasis in original) (citation omitted).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Here, the Complaint does not seek any damages for personal injury or property damage—the only damages Plaintiffs seek are for the purchase price of the product. *See* Compl. ¶ 177 ("Plaintiffs and the members of the Classes paid for kratom Products they may not have purchased, or paid more for those Products than they would have had they known the truth about kratom."). But courts have routinely held that damages for such economic injuries are insufficient to state a claim for negligent misrepresentation. *See, e.g.*, *Madrigal v. Hint, Inc.*, No. CV1702095VAPJCX, 2017 WL 6940534, at *3 (C.D. Cal. Dec. 14, 2017) (granting motion for judgment on negligent misrepresentation claim was "based solely on money damages incurred from the purchase price and are therefore barred."); *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. Aug. 20, 2014) (dismissing negligent misrepresentation claim under the economic loss rule because Plaintiffs' only alleged damages related to the amount of and decision to purchase); *Ladore v. Sony Computer Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. Dec. 16, 2014) (same); *Vavak v. Abbott Labs., Inc.*, No. 10-cv-1995, 2011 WL 10550065 at *4-6 (C.D. Cal. June 17, 2011) (same); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (applying California and New York law and dismissing negligent misrepresentation claim based on economic loss doctrine). Accordingly, Plaintiffs' negligent misrepresentation claim is impermissible and must be dismissed.

### D.    The Court Should Dismiss Plaintiffs' Claims for Equitable Relief.

Finally, even if Plaintiffs could avoid the arguments set forth above, at a minimum the Court should dismiss their claims for equitable relief, including all their claims under the UCL (which authorizes only equitable remedies). These fail for at least four additional reasons.

First, any claim for equitable relief requires a plaintiff to plead facts that, if proven, would show legal remedies would be inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir. 2020). Any state rule to the contrary does not apply in federal court. *Sonner*, 971 F.3d at 841–44. The question is not whether Plaintiffs is likely to succeed on their legal claims (as shown above, they will not). The question is whether, assuming Plaintiffs *did* prevail, the legal remedy would be adequate. *See Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP, 2017 WL 6940534, at *5

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

(C.D. Cal. Dec. 14, 2017) (holding that if plaintiffs ultimately could not recover, that would not necessarily mean a legal remedy was inadequate, "only that their claim lacks merit."). Here, the Complaint is silent on the issue. *See, e.g.*, *Gibson v. Jaguar Land Rover N. Am., LLC,* No. CV 20-00769-CJC-GJSX, 2020 WL 5492990, at \*3–4 (C.D. Cal. Sept. 9, 2020). As in *Gibson*, "[t]here is nothing [in the complaint] to suggest that monetary damages would not make Plaintiffs or the putative class whole." *Id.* at \*3; *see also* S*harma v. Volkswagen AG*, No. 20-cv-02394-JST, 2021 WL 912271, at \*9 (N.D. Cal. Mar. 9, 2021) (dismissing UCL and unjust-enrichment claims based on alleged automotive defect resulting in a loss of money or value; reasoning that "this is exactly the type of injury for which legal remedies are appropriate"); I*n re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at \*1, 4 (N.D. Cal. Oct. 13, 2020) (applying *Sonner* to dismiss UCL claim and CLRA claim to the extent it sought equitable relief); *Klaehn v. Cali Bamboo, LLC,* No. 19-CV-1498-LAB, 2020 WL 3971518, at \*9 (S.D. Cal. July 13, 2020) (dismissing UCL claim because plaintiffs did not "specifically allege the equitable relief they are seeking and why legal relief is not adequate").

Plaintiffs may contend that they are pleading for equitable relief in the alternative to their legal claims, but that would do little to bolster their claims. Alternative pleading is permitted, of course, but Plaintiffs still must comply with pleading requirements as to each alternative. *See, e.g.*, *Drake v. Toyota Motor Co.*, No. 2:20-cv-01421-SB, 2020 WL 7040125, at \*14 (C.D. Cal. Nov. 23, 2020); *Loo v. Toyota Motor Sales, USA, Inc.*, No. 8:19-cv-00750-VAP, 2020 WL 4187918, at \*8 (C.D. Cal. Apr. 10, 2020). For equitable claims, one of those requirements is pleading facts that, if proven, would show the legal remedy is inadequate. *See, e.g.*, *Goldstein v. Gen. Motors LLC,* No. 3:19-cv-1778-JLS, 2021 WL 364140, at \*5 (S.D. Cal. 2021) (rejecting "alternative" pleading of UCL claim by plaintiffs who failed to allege facts showing legal remedy was inadequate); *Drake*, 2020 WL 7040125, at \*14 (same); *Loo*, 2020 WL 4187918, at \*8 (same). Plaintiffs have not done so here, and they cannot ask the Court to consider new facts that they did not and could not actually plead in the operative complaint.

Second, California "do[es] not recognize unjust enrichment as an independent cause of action." *Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP, 2015 WL 736273, at \*14 (C.D. Cal. Feb. 20, 2015); *See, e.g.*, *Iezza v. Saxon Mortg. Services, Inc.*, 2010 WL 3834041, at \*2 (C.D.Cal. Sept. 28, 2010) ("Under California law, a claim for unjust enrichment cannot stand alone as an independent claim for relief."); *Jogani v. Superior Cour*t, 165 Cal.App.4th 901, 911, 81 Cal.Rptr.3d 503 (2008) (internal citations omitted) ("[U]njust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract."); *Melchior v. New Line Productions, Inc.*, 106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *Ahadoot v. Babolat v. North America*, CV–13–02823, at p. 9 (C.D.Cal. Sept. 6, 2013) (holding that California law does not recognize unjust enrichment and restitution as independent causes of action). The unjust enrichment claim should therefore be dismissed.

Third, even if this Court finds that Plaintiffs' unjust enrichment claim is still viable under the applicable statute of limitations, (*see* Sec. II, A, 1., *supra*), Plaintiffs have failed to show that Martian Sales directly received and retained a benefit from Plaintiffs' purchase of O.P.M.S. kratom, which is necessary to recover restitution under an unjust enrichment theory. Specifically, a plaintiff must show "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the Plaintiffs' expense." *MH Pillars Ltd. v. Realini,* 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (explaining that the plaintiff must have "conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value."). While the Complaint acknowledges that Martian Sales was the "manufacturer and distributor" of kratom (Compl., ¶ 84). Plaintiffs never alleges—not can they—that Martian Sales was the specific retailer from whom they actually purchased O.P.M.S. kratom. Compl. ¶¶ 89-93. The Complaint does not show that Martian Sales received any direct benefit from Plaintiffs' individual purchase of kratom, and by extension, that the company unjustly retained a benefit at Plaintiffs' expense. *See Rojas v. Bosch Solar Energy Corp*., 386 F. Supp. 3d 1116, 1130 (N.D. Cal. 2019). ("Plaintiffs have not identified a benefit which Defendant retained at

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiffs' expense," and specifically, "do not allege any facts suggesting that Bosch received any part of the purchase price Plaintiffs paid for their solar panels.").

Fourth, Plaintiffs' claims for prospective injunctive relief would also fail simply because they do not allege facts showing that they are likely to be harmed in the future. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (9th Cir.) (allegations of possible injury are insufficient), *cert. denied*, 139 S. Ct. 640 (2018); *Sharma*, 2021 WL 912271, at *9. Indeed, to the extent Plaintiffs allege they were deceived in the past about O.P.M.S. products, any harm suffered as a result of that alleged deception would not justify prospective injunctive relief. *Johnson v. Glock, Inc.*, No. 3:20-CV-08807-WHO, 2021 WL 428635, at *6–7 (N.D. Cal. Feb. 8, 2021) (dismissing UCL injunctive-relief claim for this reason); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 1492718, at *7–8 (N.D. Cal. Mar. 27, 2020) (same). And, in a consumer products case, a plaintiff must allege that she intends to purchase the products at issue in the future to have standing to seek injunctive relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018). Absent affirmative allegations of an intention to purchase the product in the future, knowledge of an alleged falsehood eliminates Article III standing for injunctive relief. *See Romero v. HP, Inc.*, No. 16-cv-5415, 2017 WL 386237, at *9 (N.D. Cal. Jan. 27, 2017). As Plaintiffs' Complaint contains no allegation suggesting future purchase of O.P.M.S. products (*see e.g.* Compl. ¶¶ 89-93), the request for injunctive relief must be dismissed.

Further, Plaintiffs pray for injunctive relief, but never even hint at what sort of injunction might be necessary, failing to offer even a ***single*** allegation as to what sort of injunctive relief is sought. *See e.g.* Compl. Thus, the Complaint does not even make clear whether Plaintiffs want the Court to order Martian Sales to do something or stop doing something. As argued above, to the extent Plaintiffs are contending that Martian Sales should have made some additional disclosure, Rule 9(b) requires them to describe what was allegedly omitted and explain where and how it could have appeared in a source on which they would have relied. *See, e.g.*, *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).  Plaintiffs did not do that, and so it is not surprising

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

that they also fail to explain what disclosure, if any, Martian Sales should be forced to make in the future. Their claim for injunctive relief fails for that reason as well.

## CONCLUSION

For the foregoing reasons, this Court should dismiss each of Plaintiffs' claims with prejudice.

Dated: February 9, 2024                          Respectfully Submitted,

                                                 Squire Patton Boggs (US) LLP

                                                 By: /S/ Adam R. Fox
                                                         Adam R. Fox
                                                         Erin M. Gilmore

                                                 Attorneys for Defendant
                                                 MARTIAN SALES, INC.